IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIC MATTHEW NEGRIN, | : |
| Plaintiff, | : |
| v. | : Case No. 5:20-cv-428-TES-CHW |
| Lieutenant JOHN GARY, *et al.*, | : |
| Defendants. | : |

## ORDER

Now pending before the Court are two discovery motions filed by Plaintiff Eric Matthew Negrin. (Docs. 27, 32). In these motions, Plaintiff asks the Court to issue subpoenas to obtain relevant medical records, and possibly to obtain prison grievance records. For the two reasons discussed below, Plaintiff's motions are **DENIED**.

This Section 1983 action involves claims by Plaintiff of deliberate indifference to medical needs arising from an alleged assault. At some uncertain point in mid to late 2020, Plaintiff, then a detainee at the Twiggs County Jail, alleges that he was "attacked from behind and [choked] by an inmate [with] severe mental health issues." (Doc. 13, p. 1). Plaintiff alleges that this attack resulted in cervical disc herniation, which was undiagnosed until February 2021. In the interim, Plaintiff claims the attack caused him to suffer from severe pain, for which the Defendants allegedly provided inadequate care.

Regarding Plaintiff's subpoena requests, because Plaintiff is proceeding *pro se*, the Court bears a duty to supervise Plaintiff's requests to prevent an abuse of the subpoena power. *See, e.g.*, *Woldeab v. DeKalb Cnty. School Dist.*, 2018 WL 10510872 at *1 (N.D. Ga. Oct. 26, 2018). For two reasons, Plaintiff has not now demonstrated that the issuance of a subpoena would be proper.

1

First, there is no indication that Plaintiff has sought to obtain the documents he seeks through the ordinary discovery process, and specifically, through the use of Rule 34 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wright v. Young*, 2012 WL 3024431 at *1 (N.D. Fla. 2012) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) ("the Court will consider granting [a request for subpoena] only if the documents sought … are not obtainable from Defendant through a request for production of documents").[1]

Second, Plaintiff's *in forma pauperis* status does not relieve him of the burden to pay for the costs of his own discovery efforts in this action. *See, e.g.*, *Easley v. Dep't of Corrs.*, 590 F. App'x 860, 868 (11th Cir. 2014). Or to put it differently, Plaintiff may not use the subpoena as a mere cost-shifting device to obtain free copies. Accordingly, at present, Plaintiff's request for the issuance of subpoenas is **DENIED**.

**SO ORDERED**, this 23rd day of September, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] Defendant Evans' Response to Plaintiff's Motion (Doc. 30, p. 3) indicates that these records are in the possession of the Defendants. Defendant Evans contends that providing these records would be "present a jail security risk" (*Id.*) but does not explain how Plaintiff's possession of his own medical records could pose a security risk. Given the nature of the allegations in this case, those records will almost certainly be relevant and discoverable. The Court must apply the Federal Rules of Civil Procedure to *pro se* plaintiffs, but is confident that Defendants will not be unnecessarily obstructive in the discovery process.