# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ERIC MATTHEW NEGRIN,<br><br>*Plaintiff*,<br><br>v.<br><br>Lieutenant JOHN GARY, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:20-cv-00428-TES-CHW |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

The United States Magistrate Judge filed his Recommendation [Doc. 70] on May 11, 2022. Subsequently, Plaintiff filed two motions: (1) Motion to Submit and/or Enter New Evidence [Doc. 71]; and (2) Motion for Extension of Time to File Objection [Doc. 72]. The Magistrate Judge granted Plaintiff's Motion for Extension of Time to File Objection, giving him until June 14, 2022 to file any objections to the Recommendation. [Doc. 73].

Before it conducts its review of the Magistrate Judge's Recommendation, the Court first addresses Plaintiff's Motion to Submit and/or Enter New Evidence. In his first Report and Recommendation, the Magistrate Judge ordered that discovery "shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants" and that the period "shall run separately as to Plaintiff and Defendants

beginning on the date of filing of Defendants' answer or dispositive motion." [Doc. 15, p. 10]. Defendants Gary, Faulk, and Mitchum filed an answer on July 16, 2021 [Doc. 26]. Exactly one month later, Defendant Evans filed her answer. [Doc. 29].

Giving Plaintiff the benefit of the doubt, the Court finds that the discovery period ended 90 days after Defendant Evans filed her answer—November 14, 2021. Almost three weeks after the discovery period ended, Plaintiff untimely filed a Motion for Extension of Time to Complete Discovery [Doc. 47], which the Magistrate Judge granted, extending the deadline to January 17, 2022. [Doc. 50]. The discovery period then ended with no additional extension motions.

Almost four months after the ending of the discovery period, Plaintiff filed his Motion to Submit and/or enter New Evidence [Doc. 71]. In that Motion, Plaintiff asks this Court to allow him to introduce recently obtained results from a hearing test showing that he has "moderate hearing loss in left ear, and moderate to SEVERE hearing loss in [his] RIGHT EAR." [Doc. 71, p. 1]. Plaintiff describes this loss as permanent and argues that it "pertains to this lawsuit" because he has consistently "complained of pains [sic] in both ears." [*Id.*]. Even though Plaintiff untimely filed this Motion, the Court **GRANTS** it, and will consider the attached medical record containing his test results when reviewing the Magistrate Judge's Recommendation.

Now, the Court reviews the United States Magistrate Judge's Recommendation. Despite receiving an extension to file objections to the Recommendation, two weeks

have passed since the expiration of that extension and Plaintiff has yet to file any objections. Accordingly, no party filed an objection to the United Magistrate Judge's Recommendation [Doc. 70], and the time period prescribed by 28 U.S.C. § 636(b)(1) has expired. *See* 28 U.S.C. § 636(b)(1)(C) *in connection with* Fed. R. Civ. P. 6(d). Having reviewed the Recommendation for clear error, the Court **ADOPTS** it and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **GRANTS** Plaintiff's Motion to Submit and/or Enter New Evidence [Doc. 71], **DENIES** Plaintiff's Motion for Reconsideration [Doc. 65], and **GRANTS** Defendants' pending summary judgment motions [Doc. 36], [Doc. 37]. Consequently, the Court **DISMISSES** all of the claims against the Defendants in this action. The Court directs the Clerk of Court to enter **JUDGMENT** accordingly.

**SO ORDERED**, this 29th day of June, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**